IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| R. L. LACKNER, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-05-264 |
| | § | |
| ROBERT A. SANCHEZ, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER & OPINION

BE IT REMEMBERED that on December 9, 2005, the Court considered Plaintiff's Motion for Remand [Dkt. No. 5].

### I. Factual and Procedural Background

This is a libel suit involving statements posted on an Internet bulletin board. Plaintiff R. L. Lackner, a jewelry sales and repair business located in Brownsville, Texas, alleges that messages posted on Defendant's website, robertsanchez05.com, damaged the reputation of the business through statements made about their services as well as statements made about Carolyn Lackner Baird, an owner and president of the jewelry business. Defendant Sanchez was the administrator of the website, a moderator of the forum, and a contributor of content to the site. Although some of the messages complained of in this suit were posted under other names or pseudonyms, Sanchez admits he authored one of the allegedly offensive statements himself [Dkt. No. 7].

Defendant created a website as part of a campaign for city commissioner. After the publication of allegedly defamatory statements on this website, Plaintiff filed suit on August 30, 2005 in County Court at Law number 3 in Cameron County, Texas [Pl.'s Orig. Pet.]. Defendant filed a Notice of Removal on September 29, 2005 citing federal

question jurisdiction under 28 U.S.C. § 1331 [Dkt. No. 1].  Defendant contends that the Communications Decency Act, a federal law, grants federal jurisdiction under the present facts.  47 U.S.C. § 230.  Plaintiff filed a motion for remand on October 19, 2005 citing a lack of subject matter jurisdiction [Dkt. No. 5].  Plaintiff contends that the Communications Decency Act ("CDA") provides no independent cause of action, merely serves as a defense, and does not completely preempt state law claims.

## II. Standard for Removal

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  When the district court has jurisdiction "founded on a claim or right arising under the Constitution, treaties, or laws of the United States," such a case shall be removable without regard to the citizenship of the parties.  *Id.* § 1441(b).  Such claims give rise to federal question jurisdiction.  28 U.S.C. § 1331.

Generally, the well-pleaded complaint rule determines whether federal question jurisdiction exists in a particular case.  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983).  Whether a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose."  *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).  Usually, federal question jurisdiction is not triggered by the presence of a federal defense; in other words, a defense rather than a claim arising under federal law does not create federal jurisdiction.  *Louisville v. Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908).  An exception to the well-pleaded complaint rule exists when a federal statute completely preempts the cause of action.  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).

Under the complete preemption doctrine, federal law may so completely preempt an area of the law that all claims in that area are federal in character.  *Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996).  "A statute's preemptive force may convert an ordinary state common law complaint into one stating a federal claim for purposes of

the well-pleaded complaint rule." *Id.*  Complete preemption is most frequently applied in cases with Employee Retirement Income Security Act ("ERISA") claims or Labor Management Relation Acts ("LMRA ") claims.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *El Paso Natural Gas v. Netzsosie* , 526 US 473 (1999).  Not every federal law gives rise to federal jurisdiction, and federal jurisdiction asserted under the complete preemption doctrine is even less common.

### III. Communications Decency Act of 1996

The Internet "represents a brave new world of free speech."  *Blumenthal v. Drudge*, 992 F. Supp. 44, 48 (D.D.C. 1998).  Congress acknowledged this in the Communications Decency Act of 1996 by finding the Internet offers " a forum for a true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity."  47 U.S.C. § 230(a)(3).  The nature of communication through this new medium presents "unprecedented challenges relating to rights of privacy and reputational rights of individuals."  *Blumenthal*, 992 F. Supp. at 49.  The law governing established means of communication does not adequately address the legal issues raised by a quick, expansive, and relatively anonymous forum such as the Internet.  *Id.*   Thus, Congress enacted the CDA to address some of the issues raised by the rise of communication in cyberspace.

Congress provided immunity to "interactive computer service" providers for statements created by third parties but disseminated, and thus, published, by Internet services.  Unlike newspapers, radio stations, and other traditional media, companies like America On Line("AOL") may not be held liable for defamatory statements posted or sent through their services.  *Id.*  However, individuals who create defamatory statements may be held liable even if the offending comments are published by posting on the Internet.  *Id.* at 50.

The CDA defines an "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet."  47 U.S.C. § 230(f)(2).  The statute identifies an

"information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).  The CDA immunizes providers and users of "interactive computer services" from liability for the information provided by a third party "information content provider." 47 U.S.C. § 230(1).

In the lead case interpreting the CDA, the Fourth Circuit has held that Congress enacted the statute to remove disincentives to self-regulation by the service providers and that AOL, as a service provider, was immune from liability as a publisher of statements posted by anonymous third parties.  While the CDA creates immunity "to any cause of action that would make service providers liable for information originating with a third-party user of the service," the party who posts a defamatory message is not immune.  *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997).

## IV. Analysis

In the Notice of Removal filed in this Court, Defendant Sanchez contends that federal jurisdiction exists because the claim "arises under" the Communications Decency Act [Dkt. No. 1].  *See* 47 U.S.C. § 230. The section Sanchez relies on states: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1). While the CDA is a federal law, this law is not the source of Plaintiff's claims stated in the original petition filed in state court.  Plaintiff brings a state libel action against Defendant.  Additionally, Plaintiff explicitly states in the Motion for Remand that Lackner does "not seek recovery for any activity protected by 47 U.S.C. 230(c)(1)."  Therefore, the Court finds that no claim "arising under" federal law appears on the face of the complaint.

Defendant contends that he "cannot be held liable . . . pursuant to 47 U.S.C. § 230(c)(1)"  for allegedly defamatory statements posted on his website because he is a provider of an interactive Internet service.  This language indicates that Defendant seeks to raise a federal defense under the CDA rather than identify a claim under federal law stated in the plaintiff's original petition.  The presence of a federal defense

does not trigger federal question jurisdiction, and thus, Defendant's statements in his Notice of Removal are inadequate to establish a claim arising under federal law.

In the response to the remand motion, Defendant contends that the CDA completely preempts the state law cause of action in this case. Defendant advances this contention in an attempt to assert federal jurisdiction. The CDA explicitly states that "[n]othing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section." 47 U.S.C. § 230(e)(3). The CDA does not completely preempt the field of law governing communications over the Internet and state law claims for allegedly defamatory statements are available without giving rise to federal jurisdiction. *In re Baxter*, 2001 WL 34806203 *2 (W.D.La 2001). Therefore, without complete preemption by the CDA of all state law claims, federal question does not exist in this case. Therefore, the Court lacks subject matter jurisdiction and **GRANTS** Plaintiff's Motion for Remand [Dkt. No. 5]. The Court **DISMISSES as moot** Defendant's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure [Dkt. No. 8].

DONE at Brownsville, Texas, this 9th day of December 2005.

*[signature: Hilda Tagle]*

Hilda G. Tagle
United States District Judge